IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Simmons,<br>*a.k.a. Bashawn R. Simmons*,<br><br>       Plaintiff,<br><br>vs.<br><br>Luis Berrios, M.D. Clinical Director FCI-Bennettsville;<br>Ms. Jump, Nurse Practitioner FCI-Bennettsville,<br><br>       Defendants. | C/A No. 0:09-1171-MBS-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Shawn Simmons, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a resident of the Alston Wilkes Society, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names employees of Federal Correctional Institution ("FCI") Bennettsville as defendants. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were

never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff was an inmate at FCI-Sandstone in Minnesota when this case was filed on May 8, 2009. (Docket Entry 1.) Plaintiff failed to provide all of the documents needed for initial review; therefore, an order directing Plaintiff to bring this case into proper form was issued on May 11, 2009. (Docket Entry 5.) Plaintiff failed to provide the requested documents to the Court prior to the proper form deadline of June 3, 2009. Thus, an order was issued on June 19, 2009, dismissing Plaintiff's case for failure to prosecute and failure to comply with an order of the court. (Docket Entry 10.)

However, on July 1, 2009, Plaintiff submitted a letter to the court, indicating that he was moved to the Alston Wilkes Society shortly after the instant Complaint was submitted. As a result, Plaintiff did not receive the proper form order until June 15, 2009. (Docket Entry 13.) Plaintiff also submitted the proper form documents requested in the May 11, 2009 order. (Docket Entry 14.) Therefore, an order reopening Plaintiff's case and recommitting the matter to the assigned magistrate judge was issued on July 22, 2009. (Docket Entry 17.)

Plaintiff indicates that he injured his right knee on November 5, 2005, while incarcerated at FCI-Bennettsville. Plaintiff sought medical attention and received an ice pack and Tylenol. (Compl. at 7, Docket Entry 1 at 7.) Plaintiff subsequently reported for medical attention on at least five occasions between the date of injury and his date of transfer to FCI-Sandstone in June of 2007. (Compl. at 7-8, Docket Entry 1 at 7-8.) Plaintiff

*PJG*

was diagnosed by Defendant Berrios as having a "contusion, tendinitis, and arthraglia." (Compl. at 5, Docket Entry 1 at 5.) Plaintiff received an x-ray, pain medications, and steroid injections while at FCI-Bennettsville. Upon his transfer to Minnesota, Plaintiff's injury was re-evaluated and it was determined that Plaintiff needed surgery for an "Anterior Cruciate Ligament (ACL)" tear. (Compl. at 8, Docket Entry 1 at 8.) Plaintiff claims Defendant Jump was disrespectful to him on June 5, 2006, and denied Plaintiff treatment on that date. (Compl. at 4, Docket Entry 1 at 4.) Plaintiff, who seeks monetary damages, sues the Defendants for negligence and medical malpractice.

## DISCUSSION

Plaintiff is bringing suit against employees of a federal prison. As such, his constitutional claims are evaluated under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. Carlson v. Green, 446 U.S. 14,18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820, n. 30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

In the instant action, Plaintiff claims Defendant Berrios' "prognosis of [P]laintiff's medical condition caused him to expose [P]laintiff to unnecessary steroid injections, and

medications which caused further damage to his knee injury." (Compl. at 6, Docket Entry 1 at 6.) Plaintiff further claims Defendant Berrios "misdiagnosed [P]laintiff's knee injury . . . and provided inadequate medical care." (Compl. at 5, Docket Entry 1 at 5.) Thus, Plaintiff is not alleging that he was denied medical treatment by Defendant Berrios. Rather, Plaintiff states he was denied proper medical treatment. (Compl. at 4, Docket Entry 1 at 4.) Such an action sounds in negligence or medical malpractice. (See Compl. at 4, 6, Docket Entry 1 at 4, 6.)

However, the law is well settled that negligence, in general, is not cognizable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (Daniels bars an action under § 1983 for negligent conduct); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Thus, Plaintiff's claims of negligence and malpractice are subject to summary dismissal.

Plaintiff also claims that Defendant Jump "refused to give [P]laintiff medical attention on June 5, 2006." Liberally construed, Plaintiff's complaint could be attempting to state a claim of deliberate indifference to medical needs against this Defendant. To state a claim of deliberate indifference to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. Not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Id. at 105. Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st

Cir. 1988); see also Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986) (stating that the proper inquiry is whether the prisoner was provided any treatment; the prisoner's agreement or disagreement with the treatment is irrelevant).

In the present action, Plaintiff states that he received medical attention shortly after his injury in 2005. Plaintiff also received examinations, x-rays, medications, and steroid injections on several occasions through June of 2007, when he was transferred from FCI Bennettsville. As Plaintiff clearly received medical treatment for his injury, Plaintiff's allegation that he was denied medical attention on one date is insufficient to state a claim of deliberate indifference to a serious medical need. Therefore, the Complaint in this case should be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 17, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).